FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY R. BUTCHER, husband, and SHARON L. BRYANT-BUTCHER, wife,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN H. WARD, husband, and MARIA WARD, wife,<br><br>Defendants. | No. 2:22-cv-00023-MKD<br><br>ORDER DISMISSING CASE WITH PREJUDICE AND IMPOSING SANCTIONS AGAINST PLAINTIFFS' COUNSEL |

On July 21, 2022, the Court conducted a third scheduling conference by video. ECF No. 24. Paul S. Stewart, counsel for Defendants Stephen H. Ward and Maria Ward, (jointly "Wards"), appeared by video. Plaintiffs' counsel, John A. Bardelli, did not appear despite the Court's warning that failure to attend the scheduling conference may result in dismissal for lack of prosecution. ECF No. 22 at 5. *See* ECF No. 24.

ORDER - 1

Plaintiffs' counsel's absence at the third scheduling conference is in conformance with his history of disobeying this Court's orders and the Federal/Local Rules of Civil Procedure. Since this matter was removed to the Eastern District of Washington on February 14, 2022, Plaintiffs' counsel has failed to meet and confer with opposing counsel on two occasions, failed to participate in drafting two of three joint status reports, failed to respond to a motion for summary judgment, failed to appear at two of three scheduling conferences, and failed to respond to two of three of the Court's Orders to Show Cause. *See* ECF Nos. 9, 10, 16, 18, 19, 20, 21, 23, 24.

Plaintiffs' counsel has demonstrated an unwillingness to comply with this Court's orders and the Federal/Local Rules of Civil Procedure, and the Court concludes the appropriate remedy is to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court also, pursuant to its inherent power, imposes sanctions on Plaintiffs' counsel for his numerous failures to participate in proceedings, failure to abide by this Court's orders, and failure to comply with the Federal/Local Rules of Civil Procedure.

## FACTUAL BACKGROUND

On February 19, 2018, Defendant Stephen H. Ward entered into a rental car agreement with Hertz, a car rental company in Spokane, Washington. ECF No. 7 at 3; ECF No. 7-1 at 4. Former Defendant Overland West Inc. ("Overland") owns

and operates the Hertz car rental center where Mr. Ward leased the motor vehicle. ECF No. 7 at 3.  On March 2, 2018, Mr. Ward was in a motor vehicle collision with Plaintiff Sharon L. Bryant-Butcher in Spokane, Washington.  ECF No. 1-1 at 6.  Mr. Ward was driving the motor vehicle he leased from Overland when the collision occurred.  *Id.*

On March 1, 2021, Plaintiffs Gregory R. Butcher and Sharon L. Bryant-Butcher (jointly "Plaintiffs"), filed a complaint for damages against the Wards and Overland in Spokane County Superior Court.  *Id.* at 4.  Plaintiffs' Complaint alleged Mr. Ward was negligent in the operation of the motor vehicle he leased from Overland, and that Mr. Ward's negligence was "imputed" to Overland.  *Id.*1 at 7.  On May 27, 2021, Overland was served with Plaintiffs' Summons and Complaint.  *Id.* at 11.  The Wards were served seven months later on January 15, 2022.  ECF No. 1 at 2.  On February 14, 2022, the Wards removed the matter to the Eastern District of Washington pursuant to 28 U.S.C. § 1446, diversity jurisdiction.  *See* ECF No. 1.

A Notice Setting Scheduling Conference ("Notice") was filed on March 7, 2022.  ECF No. 6.  The Notice ordered the parties to meet and confer at least 14 days in advance of a scheduling conference that was set for April 26, 2022.  *Id.* at 2.  The Notice also ordered the parties to file a joint status report by April 19, 2022, reflecting the results of their conference and the parties' position with

respect to each subject outlined in the Notice. *Id.* at 4. Shortly thereafter, on April 6, 2022, Overland filed a Motion for Summary Judgment asserting it is immune from liability based on the Graves Amendment, 49 U.S.C. § 30106. ECF No. 7 at 1.

In response to the Court's Notice, the Wards filed a status report on April 19, 2022. ECF No. 8. The Wards' Status Report indicated that despite "multiple emails by Wards' counsel to Plaintiffs' counsel and counsel for Defendant Overland West, counsel did not confer to discuss the subjects required by the Court. ECF No. 8 at 2. Plaintiff did not file a status report. Thereafter, a video scheduling conference was held on April 26, 2022. *See* ECF No. 9. Counsel for the Wards and Overland appeared by video on behalf of their respective clients. *See* ECF No. 9. Plaintiffs' counsel did not appear or notify the Court that he would not be appearing. *See* ECF No. 9.

Following the scheduling conference, on April 26, 2022, the Court issued a Notice Setting Second Scheduling Conference ("Second Notice") which required the parties to meet and confer and file a joint status report by May 10, 2022. ECF No. 11 at 4. The Court also issued an Order to Show Cause on April 26, 2022, ordering Plaintiffs to show why sanctions should not be imposed for: (1) failing to meet and confer with opposing counsel prior to the scheduling conference; (2) failing to file a joint status report; and (3) failing to appear at the scheduling

conference, as required by the Court's Notice. *See* ECF No. 10. The Court provided Plaintiffs with seven days to respond to the Court's Order to Show Cause. *Id.* at 3. Plaintiffs did not respond.

Prior to the first scheduling conference, Overland filed a Motion for Summary Judgment on April 6, 2022, asserting it is immune from liability based on the Graves Amendment, 49 U.S.C. § 30106. ECF No. 7 at 1. Pursuant to Local Civil Rule 7(c)(2)(B), Plaintiffs had 21 days to respond to Overland's Motion. Accordingly, the deadline for Plaintiffs to respond was April 27, 2022. Plaintiffs did not respond on April 27, 2022, or anytime thereafter. On May 4, 2022, Overland filed its Reply in Support of Summary Judgment, which noted Plaintiffs' failure to respond. *See* ECF No. 15.

Due to Plaintiffs' failure to respond to Overland's Motion for Summary Judgment, on May 5, 2022, the Court issued a second order to show cause requiring Plaintiffs to show why all facts within Overland's Motion should not be deemed undisputed. ECF No. 16 at 3. The Court provided Plaintiffs with seven days to respond to the Court's second Order to Show Cause. *Id.* Once again, Plaintiffs did not file a response or contact the Court.

On May 9, 2022, the Wards and Overland filed a joint status report. ECF No. 17. The Joint Status Report stated that the Wards and Overland met and conferred on May 9, 2022, as directed by the Court's Second Notice, however

Plaintiffs' counsel did not attend or participate in the parties' conference. *Id.* at 1. On May 17, 2022, the Court held a second video scheduling conference. *See* ECF No. 18. At the second scheduling conference, Plaintiffs' counsel appeared by telephone. *See id*.

At the May 17, 2022, the scheduling conference, Plaintiffs' counsel asserted he had not complied with either of the Court's Notices, participated in drafting joint status reports with opposing counsel, or responded to the Court's two prior orders to show cause because he was in the process of being evicted from his office space. As stated on the record, the Court found Plaintiffs' counsel's explanation insufficient and explained that despite the process of eviction, Plaintiffs' counsel presumably had access to his work e-mail account (an "AOL" account which is accessible by any internet connection), to which he would have received the Court's notices and orders. The Court further advised Plaintiffs' counsel that he could have contacted opposing counsel or the Court to explain the circumstances and seek relief from the Court's deadlines.

The Court advised Plaintiffs' counsel that his failure to do so required significant expenditure of resources by opposing counsel and wasted Court resources. Due to Plaintiffs' counsel's failure to meet and confer and participate in drafting the Joint Status Report, the Court postponed the scheduling conference for a second time. *See* ECF No. 18.

ORDER - 6

On May 19, 2022, the Court issued a third order requiring Plaintiffs to show cause: (1) why the matter should not be dismissed for Plaintiffs' failure to comply with the Court's Orders and Plaintiffs' failure to prosecute; (2) why sanctions should not be imposed for Plaintiffs' counsel's failure to meet and confer on two occasions, failure to file the two ordered joint status reports, and his absence during the first scheduling conference; and (3) why all facts in Overland's Motion for Summary Judgment should not be deemed admitted. ECF No. 19 at 8. The Court provided Plaintiffs with 14 days to respond to its third Order to Show Cause and warned:

> If Plaintiffs do not file a response, or a response with sufficient explanation and documentation, before June 2, 2022, the case will be dismissed with prejudice and/or sanctions will be imposed.

ECF No. 19 at 8.

In its third Order to Show Cause, the Court identified that Plaintiffs' counsel's behavior in this matter is strikingly similar to his behavior in previous cases, as well as another matter in the Eastern District of Washington, *Mesecher et al. v. Lowes Companies Inc et al.*, 2:17-cv-00299-RMP (failing to respond to motions to dismiss and failing to respond to an order to show cause). ECF No. 19 at 5, 6.

The Court explained that in *Mescher*, like the matter at hand, the case was initially filed by Plaintiffs' counsel in state court and subsequently removed to

ORDER - 7

federal court based on diversity jurisdiction.  *Id.* at 6.  The Court also noted that

Plaintiffs' counsel in *Mesecher* did not file responses to two motions to dismiss.

*Id.* at 6 (citing 2:17-cv-00299-RMP, at ECF No. 12 at 1).  Plaintiffs' counsel in

*Mescher* also failed to respond to an order to show cause.  *Id.*  Ultimately, the

*Mesecher* court granted the motions to dismiss in part because Plaintiffs' counsel

did not respond to the motions or participate in litigation after the matter was

removed.  *Id.*

Also, within the Court's third Order to Show Cause, the Court noted that in

2011, the Washington State Bar temporarily suspended Plaintiffs' counsel in part

because he failed to file a responsive pleading to a motion for summary judgment.

ECF No. 19 at 6.[1]  Plaintiffs' counsel then sought a continuance of the summary

judgment hearing contending he was ill.  *Id.*  After the hearing, the court denied

Plaintiffs' counsel's motion for a continuance, granted the defendant's motion, and

dismissed the case.  *Id.*  Plaintiffs' counsel then failed to notify his clients of the

dismissal of their suit and appealed the dismissal without his client's knowledge or

permission.  *Id.* at 7.

---

[1]Citing:

https://www.mywsba.org/PersonifyEbusiness/DisciplineNoticeDirectory/Disciplin
eNoticeDetail.aspx?dID=1607.

ORDER - 8

On June 3, 2022, one day *after* the 14-day deadline, Plaintiffs filed a response to the Court's third Order to Show Cause. *See* ECF No. 20.[2] In the Response, Plaintiffs' counsel asserted that his office was in the process of eviction proceedings. *Id.* at 2. Plaintiffs' counsel explained that his failure to respond to the Court's previous Orders to Show cause was due to the eviction proceedings. *Id.* at 2-3. Plaintiffs' counsel also asserted that he was without the use of computers and electronic equipment from approximately March 15, 2022, to April 1, 2022, which additionally contributed to his failure to respond to the Court's Orders to Show Cause. *Id.*

Plaintiffs' Response to the third Order to Show Cause, however, did not provide reasoning why the Court should not deem all facts in Overland's Motion for Summary Judgment as undisputed, as required by the Court's third Order to Show Cause. *See id.*; ECF No. 19 at 8. Accordingly, on June 21, 2022, due to Plaintiffs' counsel failure to respond and lack of participation in the litigation, the Court accepted all facts in Overland's motion as undisputed and granted Overland's Motion for Summary Judgment. ECF No. 21 at 2.

---

[2] Plaintiffs' counsel left a voicemail for the Court on June 2, 2022, where he asserted he attempted to file the Response on the June 2, 2022 deadline, but encountered difficulties with the Court's electronic filing system.

ORDER - 9

On June 24, 2022, the Court issued a Third Notice Setting Scheduling Conference to be held on July 21, 2022.  ECF No. 22.  In bold print the Court instructed and warned:

**If Plaintiffs' counsel fails to participate in the conference with opposing counsel, fails to file a Joint Status Report, or fails to attend the scheduling conference, he shall risk the matter being dismissed for lack of prosecution.**

ECF No. 22 at 5.

Plaintiffs complied with the first requirement and conferred with opposing counsel to draft a joint status report which was filed on July 5, 2022.  *See* ECF No. 22.  However, despite the Court's explicit warning against failing to attend the scheduling conference, Plaintiffs' counsel failed to appear or provide notice of an inability to appear at the July 21, 2022, conference.  *See* ECF No. 24.  At the hearing, the Court waited approximately ten minutes for Plaintiffs' counsel to appear and attempted to reach Plaintiffs' counsel by telephone two times.  Each time the Court called Plaintiffs' counsel's phone, it rang without answer and there was not an option to leave a voicemail.  Plaintiffs' counsel did not respond to the Court's telephone calls or contact the Court in any manner after the July 21, 2022 scheduling conference.

After attempting to reach Plaintiffs' counsel, the Court directed the Wards' counsel to file a declaration detailing the costs the Wards have incurred for their counsel's preparation for and attendance at the three scheduling conferences.  Per

the Court's instruction, the Wards' counsel, Paul S. Stewart, submitted a

declaration, ECF No. 25, stating his hourly rate and an itemized list detailing the

time he has spent on this matter.  Mr. Stewart asserts that the total fees his client

has paid him to prepare for and attend the Court's scheduling conferences and to

prepare his declaration equals $770.00 (4.4 hours at an hourly rate of $175).  ECF

No. 25 at 3, 4.

      As of the filing of this Order, Plaintiffs' counsel has not contacted the Court

to provide an explanation for his absence at the July 21, 2022, scheduling

conference.

## LEGAL STANDARDS

### A. Dismissal With Prejudice

      Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the

failure to prosecute or comply with rules or a court order.  Fed. R. Civ. P. 41(b).

Under Rule 41(b), a court may dismiss an action *sua sponte* for failure to prosecute

or to comply with a court order.  Fed. R. Civ. P. 41(b).  *See Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to

dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest*

*Serv.,* 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte*

dismiss an action for a plaintiff's failure to prosecute or comply with the rules of

civil procedure or the court's orders pursuant to Rule 41(b)); *Ghazali v. Moran*, 46

F.3d 52, 53 (9th Cir.1995) (failure to follow a district court's local rules is a proper

ground for dismissal); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992)

("[p]ursuant to Federal Rule of Civil Procedure 41(b), the district court may

dismiss an action for failure to comply with any order of the court"); *Thompson v.

Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir.1986) (stating that

district courts have inherent power to control their dockets and may impose

sanctions including dismissal or default).

In determining whether a Rule 41(b) dismissal is appropriate, a court must

weigh the following factors: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits and

(5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*., 594 F.3d 1081,

1084 (9th Cir. 2010) (quotations omitted).  Dismissal is appropriate "where at least

four factors support dismissal . . . or where at least three factors strongly support

dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)

(citation and quotation marks omitted).  Dismissal under Rule 41(b) operates as an

adjudication on the merits. Fed. R. Civ. P. 41(b).

### 1. Expeditious Resolution of Litigation

"As the first of the Federal Rules of Civil Procedure reflects, the public has

an overriding interest in securing 'the just, speedy, and inexpensive determination

ORDER - 12

of every action.'"  *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Fed. R. Civ. P. 1).  "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Phenylpropanolamine*, 460 F.3d. at 1227.  Non-compliance with procedural rules and a court's orders wastes "valuable time that [the court] could have devoted to other… criminal and civil cases on its docket."  *Ferdik,* 963 F.2d at 1261.

As a result of Plaintiffs' failures to abide by this Court's orders and the Federal/Local Rules of Civil Procedure, this Court has: (1) held three status conferences; (2) issued three orders to show cause; and (3) reset scheduling conferences on two occasions.  Each time the Court undertakes one of these activities, valuable and limited Court resources are expended.  Because of the continued exhaustion of valuable Court resources, the Court finds the first factor weighs heavily in favor of dismissal.

### 2. Docket Management

District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest.  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The pressing caseload in most district courts requires the cooperation of litigants in moving forward so that judicial resources

are available to others.  *Id.*; *see Phenylpropanolamine*, 460 F.3d at 1234 (affirming

a dismissal sanction where the district court had "observed that many of the cases

subject to its dismissal order had been pending for close to, or over, a year without

forward movement, and that such lack of diligence does not serve the public

interest in expeditious resolution of litigation").

It has been 17 months since this matter was originally filed in Spokane

County Superior Court and six months since the matter was removed to the Eastern

District of Washington.  Due to Plaintiffs' continued failure to follow this Court's

orders and participate in scheduling conferences, this Court has not yet been able

to issue a scheduling order.  This has prevented the Court from setting case

management deadlines and a trial date.  Given the size of this Court's criminal and

civil dockets, this type of delay creates scheduling problems for many other

matters.  As such, the Court finds the second factor also weighs strongly in favor of

dismissal.

### 3. Prejudice to Defendants

The Ninth Circuit has held that the pendency of a lawsuit, cannot by itself be

considered as prejudicial enough to warrant dismissal.  *Ash*, 739 F.2d 493, 496 (9th

Cir. 1984).  "Otherwise a delay of even one day would be justifiable grounds for

dismissal for lack of prosecution.  Limited delays and the prejudice to a defendant

1   from the pendency of a lawsuit are realities of the system that have to be accepted,

2   provided the prejudice is not compounded by 'unreasonable' delays." *Id.*

3          Here, the Court finds that Plaintiffs have caused unreasonable delays by

4   failing to respond to the Court's orders and failing to attend Court mandated

5   conferences.  At a minimum, the Wards have been prejudiced by Plaintiffs' failure

6   to diligently prosecute the case and move it forward towards a resolution on the

7   merits.  It has been over four years since the underlying incident occurred and as

8   time goes by, evidence is lost and witnesses' memories fade, making it more

9   difficult to defend this case.  The Wards have also suffered prejudice in attorney

10  fees and costs in the amount of $770.00 for the time their counsel prepared for and

11  appeared at the Court's three scheduling conferences.  ECF No. 25 at 3.  The Court

12  finds Plaintiffs' dilatory manner in prosecuting this matter has prejudiced the

13  Wards and therefore the third factor weighs in favor of dismissal.

14          *4. Dispositions on the Merits*

15          "Public policy favoring disposition of cases on their merits strongly counsels

16  against dismissal." *Phenylpropanolamine*, 460 F.3d at 1227 (citation omitted).

17  But a case that "is stalled or unreasonably delayed by a party's failure to

18  [prosecute] cannot move forward toward resolution on the merits." *Id.*  This factor

19  "lends little support" to Plaintiffs – "whose responsibility it is to move [their cases]

20

toward disposition on the merits but whose conduct impedes progress in that direction." *Id.*

This Court recognizes the importance of disposition of cases on their merits, however, the Court finds this factor is outweighed by the previously discussed factors. Further, Plaintiffs' numerous and unnecessary delays have precluded and limited the possibility of this case being decided on its merits. Accordingly, while disposition of cases on their merits is preferred, here there is no indication that Plaintiffs' continued inaction and disobedience will be cured allowing the matter to be decided on its merits.

*5. Availability of Less Drastic Sanctions*

District courts have a range of options at their disposal, in addition to imposing a terminating sanction, such as a dismissal, they can impose less-drastic sanctions that include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, ... dismissal of the suit unless new counsel is secured ... preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel." *Malone v. U.S. Postal Service*, 833 F.2d at 132, fn. 1 (citations omitted). The district court need not exhaust every sanction short of dismissal before finally dismissing a case

but must explore possible and meaningful alternatives.  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

As detailed above, the Court has previously pursued remedies that are less drastic than dismissal by issuing three orders to show cause and clearly warning Plaintiffs of the consequences of failing to comply with the Court's orders. However, with such efforts having now been exhausted, the Court finds no suitable alternative to dismissal of the action.

The Court recognizes that most if not all, of the fault is a result of Plaintiffs' counsel's failure to abide by this Court's orders and failure to obey the Federal/Local Rules of Civil Procedure.  For that very reason, the Court took multiple measures to avoid the harsh sanction of dismissal and attempted to generate compliance through less severe measures.  The Court has endeavored to provide Plaintiffs a fair opportunity to move their case forward and has been exceptionally lenient in providing Plaintiffs with instructions and warnings. Ultimately, this leniency has expended limited Court resources and the Wards have incurred duplicative attorney fees and costs.

In light of the foregoing, it is clear Plaintiffs' counsel is unwilling to comply with this Court's orders and the Federal/Local Rules of Civil Procedure, leaving the Court with no choice but to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1    **B. Monetary Sanctions Against Plaintiffs' Counsel**

2        "It has long been understood that '[c]ertain implied powers must necessarily

3    result to our Courts of justice from the nature of their institution,' powers 'which

4    cannot be dispensed with in a Court, because they are necessary to the exercise of

5    all others.'" *Chambers*, 501 U.S. at 43 (citations omitted). "These powers are

6    'governed not by rule or statute but by the control necessarily vested in courts to

7    manage their own affairs so as to achieve the orderly and expeditious disposition of

8    cases.'" *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R.*, 370 U.S. 626, 630-

9    31 (1962)).

10       The inherent power of the federal courts includes the power "to discipline

11   attorneys who appear before it," however, the Supreme Court has cautioned "this

12   power 'ought to be exercised with great caution.'" *Chambers*, 501 U.S. at 43

13   (citations omitted).  Because of the potency of inherent powers, a court must

14   exercise its inherent powers with restraint and discretion, and a primary aspect of

15   that discretion is the ability to fashion an appropriate sanction.  *See Chambers*, 501

16   U.S. at 44-45.  Further, in invoking its inherent power, a court "must comply with

17   the mandates of due process." *Id*. at 50.  Accordingly, before a district court may

18   impose sanctions, the attorney or party must receive notice that sanctions against

19   them are being considered and have an opportunity to be heard.  *See Id*. at 56-57.

20       Notice and an opportunity to be heard are "essential in view of the

ORDER - 18

heightened potential for abuse posed by the contempt power, and the provision of these procedural protections accords with our historic notions of elementary fairness." *Lasar v. Ford Motor Co*., 399 F.3d 1101, 1110 (9th Cir. 2005) (citations omitted). These minimal procedural requirements give an attorney an opportunity to argue that his actions were an acceptable means of representing his client, to present mitigating circumstances, or to apologize to the court for his conduct. *Id.* However, district courts are not required to conduct a formal hearing before imposing monetary sanctions against an attorney where the attorney was given opportunity to respond in writing to allegations lodged against him. *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

Here, as discussed in great length and detail above, the Court has provided Plaintiffs' counsel with multiple opportunities to explain his continued failure to abide by this Court's orders. Plaintiffs' counsel responded to only one of the Court's three orders to show cause and, as noted above, his response was insufficient. Further, Plaintiffs' counsel only partially and minimally complied with this Court's three scheduling conference notices. Accordingly, the Court finds it has offered Plaintiffs' counsel sufficient notice and opportunity to be heard and that Plaintiffs' counsel has failed to take advantage of these opportunities. The Court further finds that a formal hearing is not necessary and would not be

1    productive given Plaintiffs' counsel's absences at previous hearings.

2         The next inquiry is whether Plaintiffs' counsel's behavior warrants monetary

3    sanctions.  A district judge has broad authority to impose monetary sanctions

4    "upon its own initiative" when an attorney fails to obey a scheduling order or

5    appear at a scheduling conference.  *In re Yagman*, 796 F.2d 1165, 1187, as

6    amended, 803 F.2d 1085 (1986), cert. denied, 484 U.S. 963 (1987); *see also*

7    *Tamura v. F.A.A.*, 908 F.2d 977, *2 (9th Cir. 1990) (unpublished).  The Court may

8    order a party's attorney "to pay the reasonable expenses—including attorney's

9    fees—incurred because of any noncompliance" with Rule 16(f).  Fed. R. Civ. P.

10   16(f)(2); *see also Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).

11        Under its "inherent powers," a district court may award sanctions in the form

12   of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously,

13   wantonly, or for oppressive reasons."  *Primus Auto. Fin. Servs., Inc. v. Batarse*,

14   115 F.3d 644, 648 (9th Cir.1997).  The most common utilization of inherent

15   powers is a contempt sanction levied to "protect[ ] the due and orderly

16   administration of justice" and "maintain[ ] the authority and dignity of the court."

17   *Id.*  (quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)).  Courts have

18   found bad faith in a variety of conduct stemming from "a full range of litigation

19   abuses."  *Chambers*, 501 U.S. at 47.  For instance, bad faith has been found by a

20

ORDER - 20

party for "delaying or disrupting the litigation." *Primus Auto. Fin. Servs.,* 115 F.3d

at 648.

In addition, sanctions have been found proper in instances where the parties

were not necessarily acting in bad faith. For example, in *Lucas Automotive*

*Engineering, Inc. v. Bridgestone/Firestone, Inc.,* the Ninth Circuit ruled that the

district court's imposition of sanctions was appropriate when a party member

unintentionally failed to attend a mediation session due to an incapacitating

headache. *See Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc*.,

275 F.3d 762, 769 (9th Cir. 2001). Similarly, in *Ayers v. City of Richmond*, the

Ninth Circuit affirmed sanctions awarding attorney's fees and costs to opposing

counsel when counsel failed to attend only one pretrial conference because it

"slipped by him." *Ayers* 895 F.2d at 1269.

Here, Plaintiffs' counsel's continued disregard for this Court's orders has

without doubt delayed the litigation process. As stated above it has been six

months since this matter was removed and the Court has not been able to issue a

scheduling order due to Plaintiffs' counsel's continued failure to participate in this

litigation. The Court has been overly lenient in giving Plaintiffs' counsel ample

opportunity to alter his behavior to accord with the Court's orders, and Plaintiffs'

counsel has disregarded nearly every opportunity to comply. Plaintiffs' counsel's

repeated absence has prevented the orderly and expeditious disposition of this

matter, frustrated the judicial process, and strained judicial resources. Accordingly, the Court finds Plaintiffs' counsel has acted in bad faith and that a monetary sanction is appropriate.

Monetary sanctions, under the Court's inherent authority, are "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184, (2017). This is a "but-for" test by which a party may recover only the portion of its fees that it would not have paid but for the misconduct. *Id*. at 1187. Here, the Wards would not have incurred $770.00 in attorney's fees had Plaintiffs' counsel abided by this Court's orders.

When issuing attorney fees as a sanction, Federal Rule of Civil Procedure 16(f)(2) provides that "the court must order the party, its attorney, or both to pay the *reasonable* expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added). As discussed above, Plaintiffs' counsel has failed to demonstrate that his noncompliance was substantially justified. Accordingly, the next course of inquiry for this Court is whether the Wards' attorney fees are reasonable.

A district court must calculate attorney fee awards using the "lodestar method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar method requires "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. The resulting lodestar figure is a presumptively reasonable fee award. *Camacho*, 523 F.3d at 977. District courts "[have] a great deal of discretion in determining the reasonableness of the fee." *Id*.

Here, the Wards' counsel, Paul S. Stewart, has been practicing law for over seven years at the law firm Paine Hamblen, LLP, in Spokane, Washington. ECF No. 25 at 2. Prior to joining Paine Hamblen, Mr. Stewart was a Washington State Supreme Court clerk, a clerk for the Honorable Wm. Fremming Nielsen in the U.S. District Court for Eastern Washington, and a magistrate clerk for the Honorable John T. Rogers, also in the Eastern District of Washington. *Id*. Mr. Stewart's civil litigation practice encompasses real estate litigation, employment litigation, insurance litigation, and insured defense. *Id*. Mr. Stewart's hourly rate is $175.00 and his declaration states he has spent 4.4 hours preparing for the three scheduling conferences held by the Court. *Id*. at 3, 4.

Given Mr. Stewart's experience and background, the Court finds his hourly rate of $175.00 to be reasonable and further finds that the 4.4 hours Mr. Stewart expended preparing for the three scheduling conferences is reasonable.

Accordingly, the Court finds that a reasonable monetary sanction against Plaintiffs'

counsel is the $770.00 the Wards incurred as a result of the three scheduling

conferences.

**IT IS ORDERED:**

1. This action shall be **DISMISSED with prejudice** pursuant to Federal Rule

of Civil Procedure 41(b).

2. The Court hereby **SANCTIONS John A. Bardelli** personally in the amount

of **$770.00**, payable to Paine Hamblen LLP's IOLTA account, to compensate the

Wards for their counsel's time.

3. John A. Bardelli shall comply with this sanctions order and submit payment

by **August 17, 2022, at 5:00 p.m.** Counsel shall file a notice with the Court

indicating compliance with this order.

**IT IS SO ORDERED.** The District Court Executive is directed to file this

Order, provide copies to the parties, and set a case management deadline for

August 17, 2022.

DATED August 2, 2022.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 24